Gretchen M. Nelson (SBN 112566)
gnelson@nflawfirm.com
Nicole C. Andersen (SBN 281218)
nandersen@nflawfirm.com
**NELSON & FRAENKEL LLP**
601 South Figueroa St., Suite 2050
Los Angeles, CA 90017
Tel.: 213-943-6089
Fax: 213-622-6019

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA DEL CARMEN VELASCO, THANYA YAMILET VELASCO RUSSELL and JESSICA IBETH MELLIBOSKY, individually and as successors-in-interest to Delfino Raul Velasco Maldonado, deceased,<br><br>Plaintiffs<br><br>vs.<br><br>UNITED AIRLINES INC.<br><br>Defendants. | CASE NO.: 2:23-cv-7344<br><br>**PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiffs, MARINA DEL CARMEN VELASCO, THANYA YAMILET VELASCO RUSSELL and JESSICA IBETH MELLIBOSKY, individually and as successors-in-interest to Delfino Raul Velasco Maldonado, deceased ("Plaintiffs"), file this Complaint against UNITED AIRLINES INC. ("Defendant"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This action seeks damages on behalf of Plaintiffs, the widow, children and successors-in-interest to Delfino Raul Velasco Maldonado ("plaintiffs' decedent"), for the personal injuries and wrongful death of plaintiffs' decedent, who died on March 28, 2022 as a result of an Accident ("Accident" as used herein refers to an accident as defined by the Montreal Convention[1]) that he suffered on United Airlines Flight UA1584 on March 27, 2022 from Los Angeles International Airport (LAX) to Guatemala City, Guatemala (GUA).

2. Plaintiff MARINA DEL CARMEN VELASCO ("Plaintiff Marina") is a citizen of the United States and resides in the County of Los Angeles in the State of California.

3. Plaintiff THANYA YAMILET VELASCO RUSSELL is a citizen of the United States and resides in the County of Los Angeles in the State of California.

4. JESSICA IBETH MELLIBOSKY is a citizen of the United States and resides in the County of Los Angeles in the State of California.

5. Prior to his death, plaintiffs' decedent Delfino Raul Velasco Maldonado was a citizen and resident of Los Angeles County, California.

6. Defendant UNITED AIRLINES INC. is a company incorporated in Delaware with its principal place of business in Illinois. UNITED AIRLINES INC. is registered to do business in the State of California and does continuous, systematic,

---

[1] "Montreal Convention" refers to the Convention for the Unification of Certain Rules Relating to International Carriage by Air, May 28, 1999 (entered into force on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45.

and substantial business in the county of Los Angeles, California, including operating hundreds of daily flights out of Los Angeles International Airport.

7. Personal Jurisdiction is proper in this District because Defendant is registered to do business and does continuous, systematic and substantial business in the county of Los Angeles, California.

8. Plaintiffs' decedent suffered injuries while traveling as a fare paying passenger on United Airlines Flight UA1584 on March 27-28, 2022. Plaintiffs' decedent's injuries went untreated and led to his death. Plaintiffs, as the widow and children of plaintiffs' decedent, suffered damages as a result of his death.

9. Jurisdiction exists pursuant to 28 U.S.C. § 1331, by reason of a federal question concerning the Montreal Convention, in that this action arises out of injuries sustained by a passenger on board an air carrier engaged in international transportation by an aircraft for hire; there was a ticket contracted between the plaintiffs' decedent and the air carrier, and the final place of destination according to said ticket contract was in the United States in the State of California; and the principal and permanent residence of plaintiffs' decedent was in the United States in the State of California, County of Los Angeles, where Defendant operates hundreds of daily flights, including the flight in question.

10. Venue in this District satisfied the requirements of 28 U.S.C. § 1391, *et seq.*, in that Defendant is subject to personal jurisdiction in this County and State and are engaged in business and reside in this County and State.

11. On or about March 27, 2022, Plaintiff Marina and plaintiffs' decedent were fare-paying passengers on board United Airlines Flight UA1584, on the outbound leg of a round trip ticket from Los Angeles International Airport (LAX) to Guatemala City, Guatemala (GUA). During the flight, Plaintiff Marina reported on at least two occasions to Defendant's flight attendants that plaintiffs' decedent was suffering a medical problem and requested medical assistance. Despite those reports, Defendant's flight attendants and/or other crew failed to act, notify proper channels,

report a medical emergency, seek medical assistance and / or further assist plaintiffs' decedent during the flight or while deboarding the flight. Plaintiffs' decedent's medical condition persisted and progressed throughout the flight, after landing while waiting to deplane and during the deplaning process. Shortly after deplaning, passing through customs and just after exiting the airport in Guatemala, plaintiffs' decedent collapsed and became unresponsive. Plaintiff Marina and other nearby good Samaritans tried to render medical assistance to resuscitate plaintiffs' decedent, but such efforts were unsuccessful. By the time paramedics arrived, plaintiffs' decedent was declared deceased.

## COUNT ONE

**(For Wrongful Death and Survival Under the Montreal Convention)**

12. Plaintiffs hereby incorporate by reference, as though fully set forth herein, paragraphs 1-11, and alleges as follows.

13. Pursuant to Article 17 of the Montreal Convention, Defendant, as an air carrier, is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the Accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

14. On March 28, 2022, plaintiffs' decedent was a passenger on Defendant's flight UA1584 during which he experienced a progressive medical emergency condition which ultimately led to his death not long after he deplaned. Plaintiff and plaintiffs' decedent informed Defendant's flight attendants repeatedly of the medical complications during the flight and after the plane had landed, but no steps were taken by Defendant's flight attendants or flight crew. Without timely medical intervention, Plaintiff's decedent died shortly after deplaning the flight.

15. As set forth herein, Defendant failed to provide an adequate and appropriate response to plaintiffs' decedent's report of a medical emergency, causing plaintiffs' decedent's medical condition to progress adversely and ultimately resulted

in death and these failures by Defendant constitute an Accident within the meaning of the Montreal Convention and are otherwise actionable.  Had Defendant provided medical assistance and/or timely assistance during the flight and when the Subject Aircraft landed in Guatemala, plaintiffs' decedent would not have died.

16. Pursuant to the terms of the Montreal Convention, Defendant is liable for the death of plaintiffs' decedent who was a passenger aboard the Subject Flight, and who suffered a medical emergency that warranted immediate attention by Defendant's employees and/or agents while decedent was on board the Subject Aircraft and which was not provided resulting in his death, and for all damages that resulted therefrom.

17. Pursuant to Article 21(1) of the Montreal Convention, Defendant, as an air carrier, shall not be able to limit its liability for damages arising under paragraph 1 of Article 17 and not exceeding 128,821 Special Drawing Rights for each passenger.

18. Pursuant to Article 21(2) of the Montreal Convention, Defendant, as an air carrier, shall not be liable for damages arising under paragraph 1 of Article 17 to the extent that they exceed for each passenger 128,821 Special Drawing Rights on*ly if* Defendant proves that: (a) such damage was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) such damage was solely due to the negligence or other wrongful act or omission of a third party.

19. Defendant was in exclusive control of the operations of the Subject Flight and the Subject Aircraft, including but not limited to the following:

    a. the route of the flight, including the option to divert the flight;

    b. the ability to render medical treatment and/or provide medication or oxygen on board the flight;

    c. the ability to request medical assistance from any health professionals on board the flight;

    d. the ability to request medical advice and assistance remotely via a third party contractor;

  e. the ability to request on-ground medical assistance upon arrival at the destination, including but not limited to a wheelchair and emergency services;

  f. the ability to control the deplaning process, including but not limited to allowing certain passengers to deplane before others, and to provide a wheelchair or other assistance with deplaning to plaintiffs' decedent.

20. Defendant owed non-delegable duties to all passengers including plaintiffs' decedent, for the safe condition and operation of the Subject Aircraft at all times.

21. Defendant failed to keep the Subject Aircraft in a safe condition, failed to ensure the safety of passengers including plaintiffs' decedent by failing to provide any assistance or take any remedial steps to mitigate plaintiffs' decedent's medical emergency, including but not limited to:

  a. Failing to inform the flight crew of the medical emergency and/or for the failure of the flight crew to respond properly to the medical emergency;

  b. Failing to divert the flight prior to the intended destination in order to obtain medical care for plaintiffs' decedent;

  c. Failing to render any medical treatment including but not limited to providing medication or oxygen to plaintiffs' decedent on board the flight;

  d. Failing to seek the assistance of any health professionals on board the flight;

  e. Failing to request medical advice and assistance remotely via a third party contractor;

  f. Failing to inform any person on the ground at the destination that plaintiffs' decedent required medical assistance upon landing;

     g. Failing to request on-ground medical assistance upon arrival at the destination, including but not limited to a wheelchair and emergency services;

     h. Failing to properly control the deplaning process, including but not limited to failing to allow plaintiffs' decedent to deplane before others, or to provide a plaintiffs' decedent with a wheelchair or other assistance in deplaning.

22. Defendant violated industry standards of care and its own policies and procedures by failing to attend to a medical emergency involving plaintiffs' decedent which occurred aboard Defendant's aircraft; and failed to recognize and/or respond to visible or verbal indications that plaintiffs' decedent was suffering a serious medical emergency aboard the aircraft.

23. Defendant breached its duties when it was careless, negligent and reckless in, among other acts or omissions, the operation and control of the circumstances of the subject flight and plaintiffs' decedents' transportation.

24. Through Defendant's aforementioned actions and inactions, Defendant was directly responsible for the Accident and plaintiffs' decedent's resulting injuries and damages.

25. At all times mentioned herein, the Accident suffered by plaintiffs' decedent – an *untreated* medical emergency and aggravated harm – was an unusual event or happening external to plaintiffs' decedent, and was a link in the chain of causation which ultimately resulted in his death, and Defendant and its agents are therefore liable under the applicable provisions of the Montreal Convention and otherwise for all damages sustained as a result of the Accident that resulted in the death of plaintiffs' decedent.

26. Defendant is liable to Plaintiffs for all proven damages without limitation because, among other things,, a) plaintiffs' decedent experienced an Accident on board the Subject Flight under the Montreal Convention, b) Defendant had a duty to

timely and appropriately respond to a medical emergency during the subject flight, but failed to do so, c) Defendant failed to properly acknowledge or address the existence of a medical emergency despite being notified, d) Defendant had knowledge of a medical emergency but failed to take any action to address the emergency, and/or e) Defendant committed wrongful acts or omission through its servants or agents.

27. As a result of the Accident, and of Defendant's actions and inactions, plaintiffs' decedent suffered pain and injuries prior to his death, aggravated harm and complications, and ultimately died as a result of his untreated condition. Had Defendant acted timely and properly, plaintiffs' decedent would not have died. Defendant is liable to Plaintiffs, as successors-in-interest to plaintiffs' decedent, for damages to plaintiffs' decedent, including pain and suffering, prior to his death pursuant to California Code of Civil Procedure §377.30 *et seq.*

28. As a result of the Accident, and of Defendant's actions and inactions, plaintiffs' decedent ultimately died. Defendant is liable to Plaintiffs, as the widow and children of plaintiffs' decedent, for their damages suffered as a result of his death pursuant to California Code of Civil Procedure §377.60 *et seq.*

29. As a result of the foregoing, Defendant is liable to Plaintiffs for all allowable damages proven without limitation, in an amount to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

1. Damages to be awarded in an amount to be determined at trial, including general, special, and compensatory damages;

2. For loss of financial support, past and future, in an amount to be determined at trial;

3. For interest as allowed by law;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: September 5, 2023                              NELSON & FRAENKEL LLP

_____
Gretchen M. Nelson
Nicole C. Andersen
*Attorneys for Plaintiffs*

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: September 5, 2023                              NELSON & FRAENKEL LLP

_____
Gretchen M. Nelson
Nicole C. Andersen
*Attorneys for Plaintiffs*